UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN ADAM DIXON, | CASE NO. CV25-5414 |
| Plaintiff, | ORDER |
| v. | |
| MULTICARE HEALTH SYSTEM, a Washington non-profit corporation, in its capacity as a plan administrator; MULTICARE HEALTH SYSTEM 401(k) PLAN; MUTLICARE HEALTH SYSTEM 403(b) EMPLOYEE SAVINGS PLAN, | |
| Defendants. | |

THIS MATTER is before the Court on plaintiff Ryan Dixon's motion for reconsideration or clarification, Dkt. 38, of the Court's Order, Dkt. 37,[1] granting in part and denying in part defendant MultiCare's motion to dismiss, Dkt. 15.

Dixon alleges that MultiCare's administrative errors prevented him from opting out of MultiCare's automatic enrollment in its 401(k) Plan, resulting in the wrongful

---

[1] The Court has since issued an amended Order, Dkt. 40, correcting a factual error.

ORDER - 1

withholding of his wages. MultiCare refused to refund Dixon's contributions and he sued, asserting claims under the Employment Retirement Income Security Act (ERISA) and Washington state law. Dkt. 13.

MultiCare moved to dismiss or to compel arbitration, arguing that the Plan requires Dixon to arbitrate his claims. Dkt. 15. Dixon responded that the arbitration clause was void and unenforceable because in his view, it improperly restricted his ERISA right to "plan-wide" relief by limiting his ability to proceed as a class. Dkt. 17 at 10 (citing *Smith v. Triad*, 13 F.4th 613 (7th Cir. 2021)); *see id.* at 11 (The Plan's "express limitation to 'individual account' relief strips the plan-wide surcharge remedy . . . rendering the clause unenforceable."). He also argued that MultiCare waived any right to arbitrate by filing its motion to dismiss and producing documents. *Id.* at 13.

The Court concluded that the arbitration clause was enforceable, granted MultiCare's motion to compel arbitration, and stayed Dixon's ERISA claims, Dkt. 40. The Court explained that although the Plan required Dixon to seek relief through individualized arbitration, it did not restrict, but rather preserved, his ability to "effectively vindicate" his ERISA rights. *Id.* at 10–11. The Court also concluded that MultiCare acted consistently with its right to arbitrate. *Id.* at 12.

Dixon moves for reconsideration, arguing that the Court's Order constitutes "manifest error."[2] Dkt. 38 at 2. He argues that he never received notice of the 401(k) Plan and as a result, never consented to arbitrate. *Id.* (citing *Platt v. Sodexo, S.A.*, 148 F.4th

---

[2] Dixon does not seek reconsideration of the Court's dismissal of his state law or retaliation claims. Dkt. 38 at 2.

709 (9th Cir. 2025)). He asserts that the Plan treats "continued deferrals" as acceptance, but because he was unaware of the Plan, his continued deferrals do not qualify as "informed" or "voluntary" acceptance of the arbitration clause. Dkt. 38 at 4. He further contends that the Court failed to fully analyze the enforceability of each part of the arbitration clause, including the "representative-action waiver," "fallback clause," "minimum-change necessary provision," "enforceability designation," and the "unenforceable-section fallback." *Id.* at 6. He seeks clarification as to which documents he may rely on if arbitration is still required.

MultiCare contends that because Dixon never disputed his consent to arbitrate in prior filings, he cannot do so now in a motion for reconsideration. Dkt. 41. It asserts that Dixon fails to identify "any manifest error, newly discovered facts, or intervening legal authority warranting reconsideration." *Id.* at 6. MultiCare further asserts that the Court correctly concluded that the arbitration clause preserved Dixon's ERISA rights, did not violate the effective vindication doctrine, and that the entire clause is consistent with established law. *Id.* at 7. MultiCare contends that it provided Dixon with all the documents required by ERISA. *Id.* at 8.

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A]

motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

This is the first time that Dixon asserts that the arbitration clause is unenforceable due to lack of consent or notice. *See* Compl. Dkt 1; First Am. Compl., Dkt. 11; Second Am. Compl., Dkt. 13; Response to Motion to Dismiss, Dkt. 17. Even assuming Dixon's arguments have merit, reconsideration will not be granted based on arguments or evidence that could have been raised previously. Because Dixon cites to no new evidence or intervening change in the law since the Court's ruling, the Court declines to consider this new argument.

The Court did not previously address every aspect of Dixon's arguments regarding the enforceability of the arbitration clause, which were at times difficult to follow. With Dixon's subsequent clarification, however, the Court concludes that his breach of fiduciary claim must be dismissed. Dixon relies on the Ninth Circuit's holding in *Platt*, 148 F.4th 709, to presumably argue that the Plan's representative action waiver is unenforceable. Dkt. 38 at 6–7. He contends that because the waiver is unenforceable, the Court erred by not conducting a severability analysis as required under the Plan's

"fallback clause." *Id.* at 7. He also contends that the Plan's "enforceability designation" requires any validity dispute to be decided "by the United States District Court for the Western District of Washington located in Tacoma, Washington."[3] Dkt. 38 at 6.

The Court need not separately analyze each of these separate "clauses" to conclude that Dixon's enforceability arguments must fail. As the Court stated in its prior Order, "a pro se litigant cannot litigate claims that are not personal to him." Dkt. 37 (citing *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Representative action claims, or ERISA claims under 29 U.S.C. § 1109(a) and § 1132(a)(2), are claims "brought in a representative capacity on behalf of the plan as a whole." *Mass. Mut. Life. Ins. Co. v. Russell*, 473 U.S. 134, 142 & n.9 (1985). A plaintiff who brings claims in a representative capacity must be represented by counsel. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008). As the Ninth Circuit explained, "[T]here . . . are significant policy considerations that would be implicated in the event a pro se litigant were permitted to represent the interests of the plan." *Id.* Because Dixon is proceeding pro se, his ERISA breach of fiduciary duty claims on behalf of the Plan are **DISMISSED without prejudice**. Dixon's other arguments regarding the arbitration clause's enforceability are DENIED.

Finally, the Court declines to clarify what documents may be reviewed by the arbitrator. The Court's previous Order clearly concluded that MultiCare has already

---

[3] Dixon purports to quote the Plan, but the Plan actually states, "Any claim, dispute, or breach arising out of or in any way related to the Plan shall be settled by binding arbitration conducted in Tacoma, Washington before the American Arbitration Association . . . ." Dkt. 16 at 99.

produced all documents it was statutorily required to produce. Dkt. 40 at 15. Dixon does not challenge that portion of the Order. *See* Dkt. 38 at 7. The arbitrator may determine the scope of documents reviewed in arbitration.

Dixon's motion for reconsideration, Dkt. 38, is **DENIED**. His remaining ERISA claim continues to be **STAYED** pending arbitration.

IT IS SO ORDERED.

Dated this 12th day of May, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6